IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02029-RBJ

SPACECO BUSINESS SOLUTIONS, INC.,

     Plaintiff,

v.

MASS ENGINEERED DESIGN, INC. and
JERRY MOSCOVITCH,

     Defendants.

---

## ORDER

---

     Before the Court is defendants' motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3).  [docket #21].  For the reasons set forth below, the motion is granted.

## FACTS

     In November 2009 Mass Engineered Design, Inc., a Canadian corporation, and Jerry Moscovitch, Mass' president, sued 30 defendants in the Eastern District of Texas.  They claimed that the defendants were infringing U.S. Patent No. RE 36,978 (the '978 patent), of which Mr. Moscovitch is the owner and Mass his licensee.  The patent concerns a dual display system for two computer monitors.  One of the defendants named in the Texas suit was SpaceCo Business Solutions, Inc., a Nevada corporation headquartered in Colorado.

     Some of the defendants settled during the nearly three years of litigation that followed.  However, in August 2012, apparently unexpectedly, Mass and Moscovitch agreed

to dismiss their claims against all remaining defendants.  SpaceCo, which was one of the remaining defendants, agreed to dismiss its counterclaims against Mass and Moscovitch.

Shortly following dismissal of the Texas action, SpaceCo filed the present action. The gist of it was summarized as follows:

> By virtue of Mass's dismissal of the Texas action, Mass deprived SpaceCo of the ability [to] challenge the allegation of infringement, but has not withdrawn those allegations of infringement.  Therefore, SpaceCo operates with a "cloud over its business" because of these unresolved infringement allegations.

Complaint [#1] ¶15.

Specifically, SpaceCo asserted five claims for relief: (1) a declaration of non-infringement of the '978 patent; (2) a declaration of the invalidity of the '978 patent; (3) a declaration that Mass is estopped from interpreting the '978 patent in a manner contrary to prosecution history; (4) a declaration that Mass is barred from enforcing the '978 patent by reason of waiver, laches or estoppel; (5) a declaration that SpaceCo has immunity under 28 U.S.C. § 1498. *Id.*

In the original complaint SpaceCo's allegation regarding personal jurisdiction was sparse: "This Court has personal jurisdiction over Mass because Mass has established minimum contacts with this forum and the exercise of jurisdiction over Mass would not offend traditional notions of fair play and substantial justice." *Id.* ¶10.

Before the jurisdictional issue was raised by the filing of the pending motion, however, SpaceCo beefed up its jurisdictional allegations and added two state law tort claims that, as will be discussed, also relate to its effort to establish personal jurisdiction over Mass and Moscovitch in Colorado.  The new claims added by the First Amended Complaint are (6) defendants abused the legal process by bringing the Texas action for the ulterior purpose of extracting royalties to which they were not entitled, and (7) malicious prosecution, also based

upon the Texas action.  The revised allegations relating to personal jurisdiction in the First

Amended Complaint are:

> 11. This Court has personal jurisdiction over Mass Engineered Design and
> Jerry Moscovitch because by suing SpaceCo for infringement of the '978
> patent they have established minimum contacts with this forum and the
> exercise of jurisdiction over them would not offend traditional notions of fair
> play and substantial justice.
>
> 12. Upon information and belief, Mass Engineered Design and Jerry
> Moscovitch are doing business in this District.
>
> 13. Upon information and belief, the Defendants have delivered their products
> into the stream of commerce with the expectation that they will be purchased
> by consumers in Colorado.
>
> 14. Upon information and belief, the Defendants have purposefully availed
> themselves of the rights and benefits of Colorado law by engaging in
> systematic and continuous contacts with Colorado.
>
> 15. With respect to the Abuse of Process and Malicious Prosecution claims,
> this Court has personal jurisdiction over both of the Defendants because the
> Defendants have intentionally committed, or aided, abetted, actively induced,
> contributed to, or participated in the commission of tortious acts in another
> jurisdiction that were expressly aimed at Colorado, with knowledge that the
> brunt of the injury would be felt in Colorado and which led to foreseeable
> harm and injury to SpaceCo, a resident of Colorado.  Under the
> circumstances, the Defendants must "reasonably anticipate being haled into
> court" in Colorado to answer for their tortious acts against a Colorado
> resident.
>
> 16. If the Court should determine that it has personal jurisdiction over the
> Defendants for some, but not all of the claims alleged in this Complaint, the
> Court may exercise its supplemental jurisdiction pursuant to 28 U.S.C. §
> 1367(a) to hear all of the claims, because all of the claims arise out of a
> common nucleus of operative fact.

Mass and Mr. Moscovitch then filed the pending motion, in support of which they

submitted, among other things, the declarations of Ray Wilk, Manager of Product

Development for Mass, and Mr. Moscovitch.  The Wilk declaration [#22-5]states that Mass

has never owned or maintained an office in Colorado; has no property in Colorado; is not

registered to do business in Colorado; has no employees in Colorado; has no relationships

with sales agents or distributors in Colorado; and has not signed any agreements with

Colorado residents or businesses.  *Id.* ¶¶ 4-9.  Mass does advertise on a website that is generally available on the Internet and is not directed to Colorado residents.  In the past it has sold some products to Colorado customers, all of which were initiated by the customer who contacted Mass by telephone or email.  These sales were (1) between 2005 and 2006, 12 sales with an average sales price of $525; (2) also in 2005, Dell Computer sold five Mass products that it shipped to Colorado; (3) between 2007 and 2008, five sales with an average sales price of $107; (4) no sales in 2009; (5) two sales in 2010 with an average sales price of $139; (6) four sales in 2011 with an average sales price of $168; and (7) one sale in 2012. During these years (2005-2012) Mass repaired or replaced six Mass products under warranty with Colorado residents.  All repairs were done in Canada.  *Id* ¶¶ 10-18.  Mr. Wilk also relates the basic timeline of the Texas litigation and states that during the course of the litigation Mass and SpaceCo had licensing and settlement negotiations, for which Mass did not travel, that were unsuccessful.  *It.* ¶¶ 19-21, 23-24.

The Moscovitch declaration [#22-7] states that he is the president of Mass; resides in Toronto; does not own, lease or maintain any property in Colorado; has never resided in Colorado; has no interest in any Colorado business; and has never signed any license agreement with any Colorado resident.  *Id.* ¶¶ 1-5. 8.  He made two trips to Colorado in the early 1990's in connection with the design of ski equipment, and he has traveled to Colorado three other times for personal ski vacations.  *Id.* ¶¶6-7.

In its response to the motion SpaceCo did not dispute any of the facts set forth in the Wilk and Moscovitch declarations.  Rather, they cite the Wilk declaration as evidence that defendants have sold products in Colorado.  Response Brief [#24] at 8, 36.

## CONCLUSIONS

### I.    PERSONAL JURISDICTION GENERALLY.

"The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on the pleadings (with attachments) and affidavits, that burden can be met with a prima facie showing." *Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011).  The Court accepts as true all well pleaded, non-conclusory facts alleged in the plaintiff's complaint, and all factual disputes are resolved in the plaintiff's favor. *Id.*  The Court may, but is not required to, hold an evidentiary hearing on the motion. *Fireman's Fund Ins. Co. v. Thyssen Mining Construction of Canada, Ltd. Const. ,* 703 F.3d 488, 494 (10th Cir. 2012).  Neither party has requested a hearing on this motion.  For that reason and because the relevant facts appear to be undisputed, the Court finds that an evidentiary hearing is not necessary to a determination of the issues.

Generally, this Court relies on the law of the Tenth Circuit to determine personal jurisdiction.  This in turn commands that, in the absence of an applicable federal statute, the Court follows the law of the forum state. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008).  Colorado's "long-arm" statute, C.R.S. § 13-1-124, has been interpreted to confer the maximum jurisdiction permitted by constitutional due process. *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1193 (Colo. 2005).

Due process requires that defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Comp. and Placement,* 326 US. 310, 323 (1945).  At a minimum, the defendant must have done something purposefully to have availed itself of the privilege of conducting activities in the

forum state. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). If the cause of action arises out

of the defendant's specific activities in the forum state, there is no due process problem.

Even when the cause of action does not arise out of or relate to the defendant's activities in

the forum state, extending jurisdiction over the defendant is consistent with due process if the

defendant has had "continuous and systematic" contacts with the state. *Helicopteros*

*Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–16 (1984).

However, with respect to such issues as patent infringement and patent validity, it is

appropriate to look to the law of the Federal Circuit, "because the jurisdictional issue is

'intimately involved with the substance of the patent laws.'" *Autogenomics, Inc. v. Oxford*

*Gene Tech. Ltd,* 566 F.3d 1012, 1016 (Fed. Cir. 2009). Claims that are brought in the same

action but are not "intimately involved with the substance of the patent laws" are governed

by the law of the regional circuit. *Electronics For Imaging, Inc. v. Coyle,* 340 F.3d 1344,

1348 (Fed. Cir. 2003).

This case has the tort claims, neither of which is "intimately involved with the

substance of the patent laws," and the five patent-related claims. Therefore, the Court looks

to Tenth Circuit precedent regarding the tort claims and Federal Circuit precedent regarding

the patent claims. However, the basic jurisdictional principles are the same. The Federal

Circuit, like the Tenth Circuit, is guided by the forum state's long-arm statute and due

process. *Autogenomics*, 566 F.3d at 1017. Likewise, the Federal Circuit considers both

specific jurisdiction, when the claim arises from the defendant's activities in the forum state,

and general jurisdiction based upon a defendant's "continuous and systematic" contacts with

the forum state even if the claim has no relationship to those contact. *Id.*

II.     **PLAINTIFF'S JURISDICTIONAL ARGUMENTS.**

A. **<u>Tort Claims</u>**.

Plaintiff begins its analysis with the two tort claims that were added in the First Amended Complaint.  It offers two theories as to why personal jurisdiction exists with respect to the abuse of process and malicious prosecution claims.

1.  <u>Specific Jurisdiction under Calder.</u>

The plaintiff argues that this Court has specific jurisdiction over Mass and Mr. Moscovitch for the abuse of process and malicious prosecution claims because by bringing suit against SpaceCo in Texas, they engaged in an intentional action aimed at a Colorado resident, knowing that the brunt of the injury would be felt in Colorado.  To support its argument, SpaceCo relies on *Calder v. Jones,* 465 U.S. 783 (1984) and *Dudnikov, supra.*

In *Calder,* actress Shirley Jones sued the National Enquirer, its local distributor, and the author and editor of an allegedly libelous article in California state court.  The author and editor challenged personal jurisdiction, arguing that they had few contacts with California, and that the article was written and edited in Florida.  The Court determined that specific jurisdiction in California was appropriate, because the defendants had not engaged in "mere untargeted negligence" but had purposefully directed their alleged wrongdoing at California.  465 U.S. at 789-90.  The Court reasoned that the defendants wrote an article that they knew would have a potentially devastating impact on Ms. Jones, and that the brunt of the injury would be felt in California, because that is where she lived and worked.  *Id.*

In *Dudnikov* plaintiffs sold fabrics from their home in Colorado through an eBay auction site.  Two of their prints featured images that were a play on images by the artist Erté.  Defendants, a British company that owned the rights to the Erté images and its

7

Delaware agent, complained to eBay and also threatened to sue the plaintiffs.  Under eBay's

Verified Rights Owner program, eBay automatically terminates an auction when it receives a

notice of claimed infringement, and if the complaint goes unresolved, it can lead to

suspension of the seller's account.  In response to defendants' complaint, eBay cancelled

plaintiff's auction.  The plaintiffs told the defendants that they would stop selling the

offending fabric and expressed concern that, because they made their living on eBay, their

business could go under if defendants persisted.  Nevertheless the defendants still refused to

withdraw their eBay complaint, so plaintiffs notified eBay that they were contesting

defendants' claim, and they filed a pro se complaint in federal court in Colorado seeking a

declaration that their prints did not infringe defendants' copyrights.

      In reversing the trial court's dismissal of the case for lack of personal jurisdiction, the

Tenth Circuit applied *Calder*'s purposeful direction analysis which requires at a minimum (1)

an intentional action, (2) expressly aimed at the forum state, (3) with knowledge that the

brunt of the injury would be felt in the forum state.  *Id.* at 1072.  Construing plaintiffs'

allegations in their favor, the court found that the "purposeful direction test was met, because

the defendants knew and intended that their filing of an infringement complaint with eBay

would cause the cancellation of plaintiffs' auction in Colorado. *Id.* at 1072-78.  The eBay

complaint and defendants' threat to sue plaintiffs caused the claimed injuries, namely, the

cancellation of the auction and the black mark on their eBay record. *Id.* at 1079.

      In arguing that the "purposeful direction" analysis of *Calder* and *Dudnikov* show

"unquestionably" that this Court has personal jurisdiction in the present case attempts to

draw more from those cases than, in my view, is there.  The injury suffered by the plaintiffs

in those cases occurred in the forum state.  However, the injury sustained by SpaceCo as a

result of what I will assume for this purpose was Mass and Moscovitch's abuse of process and malicious prosecution which occurred in Texas, i.e., SpaceCo was forced to defend against the suit in Texas. *See Allred v. Moore & Peterson,* 117 F.3d 278, 283 (5th Cir. 1997) (the injury suffered in a malicious prosecution tort is the institution of criminal or civil proceedings where the institution ought not to have occurred). The fact that litigation costs attendant to the Texas litigation might have been paid out of SpaceCo's home office in Colorado is an incidental consequence of an injury that occurred in Texas.

By SpaceCo's reasoning, when Mass and Moscovitch sued 30 defendants in Texas, they exposed themselves to being sued by those defendants in each of their home states, regardless whether Mass and Moscovitch ever had had any contact with that home state. Taking this reasoning a step further, anytime a plaintiff files a suit in a jurisdiction other than the defendant's principal place of business, at least where the defendant accuses him of an abuse of process or malicious prosecution, he renders himself vulnerable to being sued by the defendant in the defendant's home state, again regardless of whether the plaintiff turned defendant has had any other contacts with that state. SpaceCo has not provided any authority that interprets *Calder* that broadly.

The authority of which this Court is aware tends to suggest the contrary. When a Mississippi lawyer tried to sue lawyers from Texas and Louisiana in Mississippi on the ground that they had filed frivolous claims against him in the Middle District of Louisiana, the fact that his litigation costs were incurred in Mississippi was not enough to confer personal jurisdiction over the out of state lawyers in Mississippi. *Allred,* 117 F.3d at 283. *See also Wallace v. Herron,* 778 F.2d 391, 394-395 (7th Cir. 1985) (distinguishing *Calder* and holding that California attorneys who maliciously prosecuted a civil action in California

against an Indiana resident were not thereby rendered subject to personal jurisdiction in Indiana).

Although there does not appear to be a Tenth Circuit case on point, the same result is at least suggested in several of its cases. *See Tomlinson v. H&R Block, Inc.,* 151 F. App'x 655, 658 (10th Cir. 2005) ("But the mere allegation that a nonresident defendant tortiously injured a forum resident does not necessarily establish sufficient minimum contacts to confer personal jurisdiction on the forum."); *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1080 (10th Cir. 1995) ("Although FWC argues that it suffered the financial effects of these alleged torts in Utah where it is incorporated, we hold that under *Calder* and its progeny, the defendants' contacts with Utah are insufficient to establish personal jurisdiction in this case."); *Wenz v. Memery Crystal,* 55 F.3d 1503, 1508 (10th Cir. 1995) ("That Wenz may be economically impacted in Colorado, simply because he lives there, is insufficient to establish personal jurisdiction under subsection (1)(b) of the Colorado long-arm statute").

In short, this Court holds that the naming of SpaceCo as a defendant in a Texas lawsuit, during which Mass and Moscovitch allegedly abused the legal process and engaged in malicious prosecution, is insufficient to establish that Mass and Moscovitch have the required minimum contacts with Colorado such that being haled into court in Colorado would not offend traditional notions of fair play and substantial justice.

    2. <u>General Jurisdiction</u>.

SpaceCo alleges, alternatively, that this Court can exercise general personal jurisdiction over the defendants because they have continuous and systematic contacts with Colorado. "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate

the defendant's continuous and systematic general business contacts." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004) (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998)).  Showing that a court can exercise general jurisdiction over a defendant is a "high burden."  *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 94 (10th Cir. 2012) (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)).

To support its contention that this Court can exercise general jurisdiction over the defendants, SpaceCo relies on the declaration of Raymond Wilk, Manager of Product Development at Mass.  Mr. Wilk acknowledges that defendants have sold products to persons or businesses in Colorado for seven of the last eight years.  Wilk Decl. ¶¶ 13–18.  Mr. Wilk explained that Mass made a total of 30 sales to persons or business located in Colorado over that eight year period.  *Id.*

This is analogous to the circumstances in *Autogenomics,* 566 F.3d 1012.  The Federal Circuit agreed with the California trial court that it could not exercise personal jurisdiction over a British biotechnology company that entered into about ten non-exclusive license agreements with companies located in California and sold 20 products to a California company totaling about 1% of its revenue that year.  *Id.*  The Court held that these contacts were not systematic and continuous.  *Id.*

SpaceCo argues that defendants' actions cannot be analogized to *Autogenomics,* because unlike the defendants in *Autogenomics,* Mass does not seriously carry on the business of selling its products to the public.  Rather, SpaceCo alleges that Mass's revenue comes from licensing of its purported patent rights.  The fact that Mass does not derive the majority of its revenues from sales to the public cannot turn a few isolated sales to Colorado

residents into systematic and continuous contacts.  Under these facts documented by the Wilk declaration, there is no basis to find that either Mass' or Moscovitch's contacts with Colorado were so extensive that this Court can assert general jurisdiction over them.

**B.  Patent Claims.**

Plaintiffs argue that if personal jurisdiction can be established as to the tort claims, then personal jurisdiction as to the patent claims exists pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.  *See Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1206 (Fed. Cir. 2003).  I do not disagree that this is the law.  However, because the Court could not find a basis for personal jurisdiction of the tort claim, it follows that there is no basis for personal jurisdiction as to the patent claims either.

**C.  Rule 4(k)(2).**

Finally, SpaceCo argues that this Court can exercise jurisdiction under Federal Rule of Civil Procedure 4(k)(2) which provides,

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

For Rule 4(k)(2) to apply, three conditions are necessary: (1) the cause of action must arise under federal law; (2) the defendant must not be subject to personal jurisdiction in any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process.  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1124 (9th Cir. 2002).  For the reasons discussed earlier in this order the Court is not convinced that the exercise of personal jurisdiction comports with due process. The Court also finds that the second requirement under the rule is not met here.

SpaceCo cites *Soma Medical Int'l v. Standard Chartered Bank,* 196 F.3d 1292 (10th Cir. 1999) for the proposition that litigation in a forum does not constitute activity that is sufficient to confer personal jurisdiction over a litigant. While as a general statement this may be correct, it does not describe the facts at hand. SpaceCo seeks to sue Mass and Moscovitch for claims arising from the previous litigation. Personal jurisdiction may be based upon implied consent or waiver when a non-resident files a claim in the forum state that involves the same transaction. *Neuralstem, Inc. v. Stem Cells, Inc.,* 573 F. Supp. 2d 888, 897 (D. Md. 2008) (citing cases from around the country). In *Rusakiewicz v. Lowe* the Tenth Circuit explained, "[i]t is scarcely unfair to make those who have initiated a lawsuit in a particular state undergo suit in that state to determine whether the lawsuit was tortious." 556 F.3d 1095, 1102 (10th Cir. 2009). The Fifth Circuit has similarly stated that when "a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460–61 (5th Cir. 2001) (quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd*., 181 F.3d 435, 443 (3d Cir. 1999)). *See also Frank's Casing Crew & Rental Tools, Inc. v. PMR Technologies, Ltd*., 292 F.3d 1363, 1371–72 (Fed. Cir. 2002) ("we conclude that PMR waived its personal jurisdiction defense when PMR filed its Answer, Class Action Counter-Claim, and First Amended Complaint in the Western District of Louisiana and for the first time asserted infringement claims against six defendants that had not previously been involved in any infringement suit related to the '063 patent").

Because SpaceCo's claims are closely related to the litigation that Mass and Moscovitch initiated in the Eastern District of Texas, Mass and Mr. Moscovitch are subject

13

to personal jurisdiction in that forum to resolve these claims.  Furthermore, Mass and

Moscovitch admit that they are subject to being sued in Texas.  Opening Brief [#22] at 20;

Reply [#26] at 20.

I grant that Texas is not as convenient a forum for SpaceCo as Colorado, and I

suspect that Texas is not a more convenient forum for Mass and Moscovitch than Colorado.

Nevertheless, this Court has to conclude that personal jurisdiction over Mass and Moscovitch

in Colorado cannot be based upon application of Rule 4(k)(2).

**Order**

The court does not need to reach or decide the venue issue.  Defendants' motion to

dismiss for lack of personal jurisdiction [#21] is GRANTED.  The case and all claims therein

are dismissed without prejudice.  Defendants are awarded their reasonable costs pursuant to

Fed. R. Civ. P. 54 (d)(1) and D.C.Colo.LCivR 54.1.

DATED this 29th day of April, 2013.

BY THE COURT:

R. Brooke Jackson
United States District Judge